UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EULOGIO MARTIN,

    Petitioner,

v.

JOHN MARSHALL, Warden,

    Respondent.

No. C 05-3486 MHP

**MEMORANDUM & ORDER**
**Re: Request for Modification of Judgment**

    Eulogio Martin, an inmate at the California Men's Colony in San Luis Obispo, California, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. section 2254. On May 17, 2006 the court issued a memorandum and order concluding that Governor Gray Davis's reversal of the Board of Prison Terms's ("Board's") decision to grant petitioner parole was unsupported by any evidence. As a remedy, the court ordered that respondent either release petitioner or grant him a new parole review within sixty days of the order.

    Petitioner subsequently filed a motion for reconsideration or modification of judgment, requesting that the court amend its May 17 order to require petitioner's immediate and unconditional release. In support of his request, petitioner argues that remand to the Board and Governor would be futile given the court's finding that no evidence supported the Governor's previous reversal. Respondent objects that petitioner has not established any valid basis for seeking reconsideration under Local Rule 7-9. Respondent also disagrees with the merits of petitioner's request, arguing that it is within this court's discretion to remand to the Board—particularly because Governor Davis is no

longer in office, and that if the Board again grants parole, a review of petitioner's suitability by current Governor Arnold Schwarzenegger might not be futile.

Complicating the current posture of the petition is the fact that subsequent to the reversal by Governor Davis which gave rise to this petition, on June 23, 2004 the Board conducted another parole review for petitioner and reversed its previous position, finding petitioner unsuitable for release. The Board based its finding of unsuitability on three factors. First, the Board noted the seriousness of petitioner's crime. Pet'r's Exh. M at 85. Second, the Board noted that one of petitioner's disciplinary violations, which the Board previously categorized as minor, was originally charged as a more serious offense. Id. at 87. Third, the Board found that the psychological report issued on February 28, 2003 was "not totally supportive of release," classifying petitioner in the "low to moderate" category for risk of future violence. Id.

The Board's denial is striking in a number of respects. First, in focusing on the severity of the original crime, the Board appears to have adopted Governor Davis's reasoning in reversing the previous grant of parole. This court has already found that factor to be insufficient to support a denial. Second, the other two facts considered by the Board—the disciplinary violation and the 2003 psychological report—were already before the Board when it granted petitioner parole in 2003. In the 2003 opinion, the psychologist's evaluation was found to support release; in 2004, the same opinion was found to weigh against release. Similarly, the fact that petitioner had committed no severe violations of prison rules was found to support release in 2003, while one of the same non-severe offenses was found to weigh against release in 2004.

In sum, the Board appears to have capitulated to the blanket no-parole policy described by this court in its previous order, abandoning its role as an independent assessor of petitioner's eligibility. This capitulation is particularly troubling in light of the Board's vigorous assertions of independence during the 2003 hearing. See Pet'r's Exh. B at 10 ("I'm a Deputy Commissioner. I'm a civil servant. I am not a Governor appointee."); id. at 11 ("I do not know the Governor. I have never gotten direction from the Governor."); id. ("We're a different body and we do what we—what

2

we do based upon the law. So obviously, I'll have to overrule your objection [that the Governor has imposed a no-parole policy].").

In light of the Board's apparent abandonment of its independent role—which occurred after Governor Schwarzenegger took office—the court finds that a remand would indeed be futile. The Board denied parole in 2004 on the basis of the same record which this court found to be insufficient. Cf. McQuillion v. Duncan, 342 F.3d 1012, 1015 (9th Cir. 2003) ("Since we have reviewed the materials that were before the Board and found no evidence to support a decision other than the one reached by the Board, a remand to the Governor in this case would amount to an idle act."). The court also notes that remand to the Board in this case would be unfair, because if the Governor had properly upheld the Board's 2003 finding of suitability for parole, petitioner would have been released—foreclosing the possibility of a subsequent denial of parole by the Board.

As for respondent's contention that there are no proper grounds for reconsidering the remedial portion of the court's May 17 order, the court notes that it did not consider the substance of the Board's 2004 denial in issuing its May 17 order. See Martin v. Marshall, --- F. Supp. 2d ---, No. C 05-03486, 2006 WL 1344584, at *11 n.2 (N.D. Cal. May 17, 2006) (Patel, J.). Upon reconsideration, the 2004 denial is highly material to the appropriateness of the remedy. See Civil L.R. 7-9(b)(3) (allowing for reconsideration upon a failure to consider material facts which were previously before the court).

Petitioner also requests that time served beyond the original parole date be deducted from petitioner's post-release parole period. Respondent objects that petitioner did not request this relief in his petition, and further objects that "credits" cannot be applied to reduce the length of a parole period. With respect to respondent's first objection, respondent cites no authority for the proposition that petitioner is required to spell out the precise details of the remedy requested in his petition. With respect to the second objection, the cases cited by respondent are inapplicable, as they pertain to the use of "good time" credits to reduce the length of parole. See, e.g., People v. Jefferson, 21 Cal. 4th 86, 95–96 (1999). Here, in contrast, petitioner seeks to have the actual surplus time served in prison deducted from his parole period. See McQuillion, 342 F.3d at 1015.

3

In sum, given the facts and law previously omitted from consideration, the court therefore amends its May 17 order as follows: the petition for habeas corpus is GRANTED. Petitioner is ordered to be released on parole forthwith.

IT IS SO ORDERED.

Dated: July 21, 2006

MARILYN HALL PATEL
District Judge
United States District Court
Northern District of California

4